IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CHANGZHOU KAIDI ELECTRICAL CO., LTD., et al. | * * * * * | |
| v. | * | Civil No. CCB-13-1798 |
| OKIN AMERICA, INC., et al. | * * * * | |

******

## MEMORANDUM

Plaintiffs Changzhou Kaidi Electrical Co., Ltd. and Kaidi, LLC (collectively, "Kaidi") bring this suit against Okin America, Inc. and Dewert Okin GmbH (collectively, "Okin") alleging, *inter alia*, malicious use of process. According to Kaidi, Okin misused civil proceedings by filing a complaint with the U.S. International Trade Commission ("ITC") in which it alleged that the KDPT005 linear actuator infringes U.S. Patent No. 5,927,144 ("the '144 patent").[1] Now pending before the court is Okin's motion to dismiss Kaidi's malicious use of process claim. The parties have fully briefed the issues, and no hearing is necessary. *See* Local R. 105.6. For the reasons stated below, Okin's motion to dismiss will be granted.

## STANDARD

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially

---

[1] The '144 patent relates to a linear actuator for adjusting parts of seating and reclining furniture.

1

aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Suits for malicious use of process are disfavored under Maryland law. *See Havilah Real Prop. Servs., LLC v. Early*, 88 A.3d 875, 885–86 (Md. Ct. Spec. App. 2014). To state a claim for malicious use of process, the plaintiff must allege facts to plausibly support that: (1) a prior civil proceeding was instituted by the defendant; (2) the proceeding was instituted without probable cause; (3) the proceeding was instituted by the defendant with malice; (4) the proceeding terminated in favor of the plaintiff; and (5) damages were inflicted upon the plaintiff by arrest, imprisonment, or seizure of property, or the plaintiff suffered "other special injury

which would not necessarily result in all suits prosecuted to recover for a like cause of action." *One Thousand Fleet Ltd. P'ship v. Guerriero*, 694 A.2d 952, 956 (Md. 1997).

Kaidi cannot state a claim under this standard, as it fails to plead any special injury resulting from the ITC proceedings.[2] In its amended complaint, Kaidi alleges that, because of Okin's malicious use of process, it has "lost business" and "suffered severe immediate and long-term damages." (Amended Compl., ECF No. 24, at 17.) These vague, unsupported assertions simply do not nudge Kaidi's claim across the line from conceivable to plausible and, in any event, appear to describe the kind of damages ordinarily resulting from a patent infringement suit. Kaidi attempts to compensate for its complaint by claiming that the lost business and damages resulted from Okin contacting Kaidi's customers and telling them the KDPT005 linear actuator infringes the '144 patent. (*See* Kaidi Opp., ECF No. 37, at 21–22.) But Okin's allegedly malicious statements to Kaidi's customers do not constitute damages resulting from the ITC proceedings. Indeed, the statements appear to be wholly unrelated to the ITC proceedings; according to Kaidi, Okin was contacting its customers even before the ITC complaint was filed. Thus, the court will dismiss Kaidi's malicious use of process claim.

## CONCLUSION

For the reasons stated above, Okin's motion to dismiss will be granted. A separate order follows.

| | |
|---|---|
| July 11, 2014 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[2] Because Kaidi's failure to plead special injury is sufficient to grant Okin's motion, the court does not need to reach Okin's other arguments for dismissal.