**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CHANGZHOU KAIDI : | |
| ELECTRICAL CO., LTD., et al. : | |
| : | |
| : | |
| v. : | Civil No. CCB-13-1798 |
| : | |
| : | |
| OKIN AMERICA, INC., et al. : | |
| : | |

**MEMORANDUM ORDER**

Changzhou Kaidi Electrical Co. and Kaidi, LLC (together, "Kaidi") seek a declaratory judgment that the KDPT005 linear actuator does not infringe any claim of United States Patent Number 5,927,144 ("the '144 patent"), which Dewert Okin GmbH owns by assignment and which it and Okin America, Inc. (together, "Okin") practice via manufacture of the Okin Betadrive linear actuator. Okin, in turn, has filed a counterclaim, alleging infringement. Kaidi subsequently amended its complaint to include several additional counts, alleging Okin informed several of Kaidi's customers about Kaidi's alleged patent infringement, in violation of state tort law and state and federal unfair competition law. Kaidi has moved to voluntarily dismiss with prejudice those tort and unfair competition claims and to appoint a technical expert pursuant to Federal Rule of Evidence 706. And Okin has moved to de-designate as confidential certain deposition testimony. For the reasons explained below, Kaidi's motion to dismiss will be granted and its motion to appoint a technical expert denied, while Okin's motion to de-designation will be denied as moot.

**I. Motion to Dismiss**

Okin moved for judgment on the pleadings on Kaidi's tort and unfair competition claims, which the parties fully briefed.  (*See* ECF Nos. 96, 99, 100.)  Shortly before a hearing scheduled on the matter, (*see* ECF No. 106), Kaidi moved to dismiss voluntarily and with prejudice its tort and unfair competition claims in an effort "to streamline the case as the parties approach" trial, (*see* Mem. Supp. Mot. Voluntary Dismissal 2, ECF No. 113).  Okin has not stipulated to that dismissal, but does not oppose it.  (*See* Response Mot. Voluntary Dismissal, ECF No. 121.)  Accordingly, Kaidi's motion to dismiss with prejudice Counts III, IV, V, VI, and VII of its amended complaint will be granted, on the condition that Okin may move for attorneys' fees in connection with the dismissed claims no later than fourteen days after final judgment is entered in this case and that Kaidi may oppose any such motion.  *See* Fed. R. Civ. P. 41(a)(2) (authorizing dismissal on a party's motion "on terms that the court considers proper").  Okin's motion for judgment on the pleadings will be denied as moot.

**II. Motion to Appoint Technical Expert**

Federal Rule of Evidence 706 authorizes the court to appoint an expert.  Kaidi moves the court to exert that power for the purpose of "testing . . . the alleged 'guide section' and spindle cover of the accused Kaidi product and offer[ing] an opinion on whether the accused product contains the required two-part guide."  (Brief Supp. Mot. Appoint Technical Expert 1, ECF No. 107-1.)

Whether to appoint an expert is a discretionary determination.  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993).  The power to do so "should be invoked only in rare and compelling circumstances," for fear of undue reliance on a judicially sponsored witness.

*Monolith Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 558 F.3d 1341, 1348 (Fed. Cir. 2009); *see also* 29 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure: Evidence* § 6302 (1997) ("The opinion of a court's expert may become decisive because the expert wears the mantle of judicial authority and impartiality."). "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." 29 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure: Evidence* § 6304 (1997). Where the parties present "starkly conflicting expert testimony" concerning complex technical matters, the desirability of a court appointed expert may increase. *Monolithic*, 558 F.3d at 1348.

The technology here is not so arcane that it requires the court to appoint its own expert. The linear actuators at issue are relatively simple mechanical devices, the operation of which can be readily explained by the parties' respective experts via the normal adversary process. As Kaidi concedes, this case largely (but not entirely) rises and falls on a single limitation and a single accused device, unlike "the typical patent cases [that] involves disputes over numerous limitations spanning dozens of patent claims and perhaps hundreds of accused products." (Brief Supp. Mot. to Appoint Technical Expert 4.) Kaidi nevertheless claims that the parties' experts' testing of the accused product will introduce a greater measure of technical complexity than is required to understand the product itself. (*See* Reply Supp. Mot to Appoint Technical Expert 2, ECF No. 116.) For support, Kaidi appends the initial report of Okin's expert, emphasizing its discussion of "strain gauges, Wheatstone bridges, voltage differences, and loading conditions." (*Id.* at 3.)[1] But that report is not nearly as esoteric as Kaidi indicates. In this court's estimation,

---

[1] Kaidi moved to seal that document, pursuant to this court's protective order. (*See* ECF No. 118.) Okin does not oppose that motion. It will thus be granted, except to the extent that reference to any sealed material has been necessary to explain the result reached in this memorandum order.

it is well within the ken of a lay jury informed by the adversary process.

Kaidi next argues that the neutral opinion of a court-appointed expert will streamline litigation by eliminating the need for the parties' experts to discuss their own testing of the accused product. (*See id.* at 3.) But Kaidi concedes, as it must, that the appointment of a neutral expert will not preclude the parties from calling their own experts. (*See* Brief Supp. Mot. to Appoint Technical Expert 2.) Those experts would have an opportunity not only to present the findings of their own investigations and to criticize one another's methods and opinions, but also the methods and opinions of the court-appointed expert. In other words, Kaidi's proposal would amplify the complexity of the trial, not reduce it.

For these reasons, Kaidi's motion will be denied.

### III. Motion to De-Designate

Okin moved to de-designate as confidential four pages of deposition testimony and an associated exhibit, which the parties had marked as confidential pursuant to the court's protective order. (*See* ECF No. 108.) Kaidi subsequently represented that it would de-designate those portions of the deposition testimony. (*See* ECF No. 112.) Accordingly, Okin withdrew its motion, (*see* ECF No. 120), which will be denied as moot.[2]

### CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that:

1. Kaidi's motion to dismiss with prejudice, (ECF No. 113), is **GRANTED**;

2. Counts III, IV, V, VI, and VII of its amended complaint are **DISMISSED with prejudice**;

---

[2] Okin appended the transcript excerpts and exhibit it sought to de-designate to its motion. Pursuant to this court's protective order, it moved to file those documents under seal. (*See* ECF No. 110.) Because Kaidi no longer treats those documents as confidential, that motion will be denied as moot.

3. Okin may move for attorneys' fees in connection with the dismissed claims no later than fourteen days after final judgment is entered in this case and Kaidi may oppose any such motion;

4. Okin's motion for judgment on the pleadings, (ECF No. 96), is **DENIED as moot**;

5. Kaidi's motion to appoint a technical expert, (ECF No. 107), is **DENIED**;

6. Kaidi's motion to file under seal an exhibit appended to its reply in support of its motion to appoint a technical expert, (ECF No. 118), is **GRANTED**;

7. Okin's motion to de-designate as confidential certain materials, (ECF No. 108), is **DENIED as moot**;

8. Okin's motion to file under seal exhibits appended to its motion to de-designate, (ECF No. 110), is **DENIED as moot**; and

9. The Clerk shall send a copy of this Memorandum Order to counsel of record.


February 11, 2015            /S/
Date            Catherine C. Blake
           United States District Judge