# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHANGZHOU KAIDI ELECTRICAL CO., LTD., et al. | : <br> : <br> : <br> : |
| v. | : Civil No. CCB-13-1798 <br> : |
| OKIN AMERICA, INC., et al. | : <br> : <br> : |

## MEMORANDUM ORDER

The motions enumerated below were argued at a hearing held on May 6, 2015. My rulings follow. As noted at the hearing, I reserve the right to issue at a later date full memoranda explaining at greater length the basis for each ruling.

1. Changzhou Kaidi Electrical Co. and Kaidi, LLC's (together, "Kaidi") motion in limine to exclude the testimony of Richard Troxel, (ECF No. 137), is **GRANTED in part and DENIED in part**:

    a. To the extent Kaidi seeks to preclude Troxel's testimony for failure to apportion to the royalty base, the motion is **DENIED without prejudice**, pending the full presentation of his opinion at trial. Okin may move to strike Troxel's testimony later, as it sees fit.

    b. To the extent Kaidi seeks to preclude Troxel's testimony for failure to consider available alternatives in the market or Kaidi's capacity to design around the patent, the motion is **DENIED without prejudice**.

    c. To the extent Kaidi seeks to preclude Troxel from testifying as to foreign sales of

1

    the KDPT005, the motion is **GRANTED** on the basis of the speculative nature of the proffered testimony.

    d. To the extent Kaidi seeks to preclude Troxel from testifying as to untimely opinions included in his revised report, the motion is **GRANTED in part and DENIED in part**. Troxel will be permitted to testify as to the opinions described in paragraphs 57, 70, 71, and 104 of the revised report, which are timely corrections made in light of new information. Troxel may not testify as to the opinions described in paragraphs 137 through 149 of his revised report, which critique William Howard's responsive report rather than correct Troxel's former opinions in light of new information.

2. Okin America, Inc. and DewertOkin GmbH's (together, "Okin") motion in limine to exclude Howard from testifying as to certain invalidity opinions, (ECF No. 135), will be granted by a separate opinion to be issued by tomorrow.

3. Kaidi's motion in limine to exclude evidence and testimony of testing James Babcock conducted after submitting his expert infringement report, (ECF No. 132), is **GRANTED in part and DENIED in part**:

    a. Babcock's "hand twist" tests—in which he used his hand to twist the slider of the KDPT005 around the axis along which it usually moves in a linear path, measuring its range of motion with the spindle cover both attached and detached—are unreliable for failure to measure the force applied to the slider. Babcock cannot testify as to that experiment. *See* Fed. R. Evid. 702(c); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589–90 (1993).

    b. Even if Babcock's remaining tests are untimely, they are either substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). Babcock thus may testify as to them.

4. Okin has **WITHDRAWN** its motion in limine to exclude testimony concerning certain allegedly unreliable licenses, (ECF No. 140), on the understanding that Kaidi's expert will not rely on those licenses at trial.

5. Kaidi's motion to compel the production of certain allegedly privileged documents, which it attached to its Local Rule 104.7 Certificate, (ECF No. 227), is **DENIED**. The subject matter of Okin's voluntary disclosure of certain documents does not include prosecution of the German Patent Office applications. *See* Fed. R. Evid. 502(a)(2).

6. Okin's motion to exclude any comment on the absence of the patent's inventor, Dietmar Koch, from the trial, (ECF No. 130), is **GRANTED**. If Kaidi believes that anything in Okin's presentation at trial would make Koch's absence relevant, it should renew its request with the court before making any comment to the jury.

7. The Clerk shall send copies of this Order and the accompanying Memorandum to counsel of record.

5/7/15
Date

Catherine C. Blake
United States District Judge